10-1093-pr
Porter v. Goord

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand twelve.

PRESENT:
DENNIS JACOBS,
    <u>Chief Judge</u>,
DENNY CHIN,
SUSAN L. CARNEY,
    <u>Circuit Judges</u>.

_____

Larry Porter,

    <u>Plaintiff-Appellant</u>,

            v.                            10-1093-pr

Glenn Goord, <u>et al.</u>,

    <u>Defendants-Appellees</u>.

_____

FOR APPELLANT:        Larry Porter, pro se, Malone, NY.

FOR APPELLEES:        Martin A. Hotvet, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief) for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Foschio, M.J.).[1]

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**, in part, and **VACATED**, in part.  The case is **REMANDED** to the district court for further proceedings and with instruction to appoint counsel for Plaintiff-Appellant Porter.

Plaintiff-Appellant Larry Porter, pro se, appeals from the district court's judgment (1) granting summary judgment for the defendants in Porter's action brought pursuant to 42 U.S.C. § 1983, and (2) denying his motion for reconsideration.  We assume the parties' familiarity with

---

[1] In March 2008, this case was assigned to Magistrate Judge Foschio for all purposes with the consent of the parties.  See 28 U.S.C. § 636(c).

the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo an order granting summary judgment. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). Under Rule 56(a) of the Federal Rules of Civil Procedure, a district court "shall grant" summary judgment if the evidence shows "that there is no genuine dispute as to any material fact." Accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A dispute is "material" only if it "affect[s] the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In assessing a motion for summary judgment, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002).

[1] The district court properly granted the defendants' summary judgment motion with respect to Porter's claims against Commissioner Glenn Goord, Special Housing Unit Director Donald Selsky, Superintendent Michael McGinnis,

3

Captain James Waite, Lieutenant Richard Strong, Senior Investigator Thomas Todd, Lieutenant Richard Donahue, and Nurse Connie DeMeritt.  Porter failed to offer evidence suggesting that these defendants were personally involved in the alleged violation of Porter's constitutional rights.  See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

**[2]**  The district court also correctly granted summary judgment in favor of the defendants with respect to the Eighth Amendment claim stemming from the alleged delay in medical treatment, because Porter offered no evidence that this delay was the result of anyone's deliberate indifference to his medical needs.  See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

**[3]**  As to the excessive-force claim, the defendants concede that the district court erred in granting summary judgment for New York State Department of Correctional Services ("DOCS") Officers Paul Weed, Peter Mastrantonio, and Joel Armstrong.  Porter has disputed the defendants' account of the incident, specifically denying that he provoked Officer Mastrantonio by kicking him and that he violently resisted the subsequent attempts to subdue him.  Moreover, the record does not indicate whether the evidence adduced by Porter disputing the officers' account is "contradict[ed]" by the

4

surveillance video that supposedly captured (a portion of) the incident.  See Scott v. Harris, 550 U.S. 372, 378 (2007) (holding that a party cannot defeat summary judgment by adducing testimony contradicted by a videotape of the incident).

The defendants also concede that the district court erred in granting summary judgment for Sergeant Gary Morse on Porter's claim that Morse failed to intervene to prevent the other officers from using excessive force.  "A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers," O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988), and "is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know . . . that excessive force is being used." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).  The record reflects a genuine issue of material fact as to whether Morse failed to protect Porter from an alleged assault by officers that he knew or had reason to know was occurring.

[4] To the extent that Porter has challenged the denial of his requests for injunctive relief, the district court did not abuse its discretion in denying those requests for the

reasons stated in its decision.  See Carlos v. Santos, 123 F.3d 61, 67 (2d Cir. 1997) (explaining that "[w]e review a denial of a request for a permanent injunction for abuse of discretion.").

**[5]**  Porter has abandoned any challenge to the dismissal of his remaining claims -- including his First Amendment retaliation claim -- by failing to sufficiently raise such a challenge in his brief.  See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995).  Porter has also abandoned any challenge to the denial of his reconsideration motion.

We have considered Porter's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED,** in part, and **VACATED**, in part.  The case is **REMANDED** to the district court for further proceedings and with instruction to appoint counsel for Plaintiff-Appellant Porter.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk